AMERICAN LIGHT & TRACTION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112415. Promulgated June 30, 1944.

 

*Floyd F. Toomey, Esq.*, for the petitioner.
*G. W. Brooks, Esq.*, for the respondent.

OPINION.

LEECH, *Judge*: The Commissioner determined a deficiency in income tax of $37,989.97 for the year 1936. By an amendment to his answer he now seeks to have the deficiency increased to $42,355.41, due to the disallowance of an allegedly erroneous deduction for Wisconsin privilege dividend tax.

The issues are (1) whether the petitioner, on an accrual basis, is taxable in 1936 on dividends declared in 1936 and payable in 1937 to stockholders of record on dates falling in 1936, and (2) whether petitioner properly deducted the Wisconsin privilege dividend tax, under section 23 (c) of the Revenue Acts of 1934 and 1936.

The case was submitted on stipulations of facts. The facts are found as so stipulated. The petitioner is a corporation organized under the laws of the State of New Jersey, with its principal office at 15 Exchange Place, Jersey City, New Jersey, and its executive office at 105 West Adams Street, Chicago. Its tax return for the period involved was filed with the collector of internal revenue for the first district of Illinois, at Chicago, Illinois. The petitioner's books were kept on an accrual basis.

During December 1936 the petitioner was the beneficial owner of shares of the capital stock of various corporations on which it received dividends in 1937. The corporations paying the dividends and the amounts received by the petitioner are as follows:

| Declaring corporation | State of incorporation | Dividend |
|---|---|---|
| Grand Rapids Gas Light Co | Michigan | $68,986.50 |
| San Antonio Public Service Co | Texas | 110,000.00 |
| Detroit City Gas Co | Michigan | 200,892.50 |
| Detroit Edison Co | New York | (net) 103,972.00 |
| Total | | 483,851.00 |

Because of certain offsetting adjustments of $105,329.55, made by the respondent on account of dividends received by the petitioner from the Dexter Co., a wholly owned subsidiary, the net dividends involved under the first issue total $378,521.45.

These dividends were all declared by the respective corporations in the month of December 1936, to their stockholders of record as shown

on the corporation's books as of specified dates in December, and all dividends were made payable on specified dates in the year 1937 and were actually received by the petitioner in 1937. The respondent contends that, since the petitioner maintained its books on the accrual basis, these dividends were income to the petitioner in the year 1936, and has so treated them in his deficiency notice.

In the case of the *Tar Products Corporation*, reported in 45 B. T. A. 1033, this Court had before it a similar state of facts. We held that the date of declaration and not the date fixed for payment controlled the taxability of corporate dividends received by a taxpayer using the accrual method of accounting. On appeal, the Circuit Court of Appeals for the Third Circuit reversed, and held that the date of receipt and not the declaration date controlled. *Tar Products Corporation* v. *Commissioner*, 130 Fed. (2d) 866.

The respondent concedes that the facts in the instant case and the *Tar Products* case are not distinguishable. He argues the question *de novo*, and endeavors to demonstrate that the decision of the Circuit Court is unsound where the taxpayer is on an accrual basis. He urges this Court to reaffirm its decision in the *Tar Products* case. We have given careful consideration to the respondent's argument, and our opinion and that of the Circuit Court of Appeals.[1] We are convinced that the importance of the question lies in the promptness and certainty of the answer. Therefore, without discussing the relative merits of the opinion of the Circuit Court of Appeals and our own, we yield to the former. Moreover, the decision of the Third Circuit Court of Appeals in the *Tar Products* case has been cited with apparent approval by the Circuit Court of Appeals for the Fourth Circuit in *Helvering* v. *Kaufmann*, 136 Fed. (2d) 356. The *Tar Products* case, as decided by us, will no longer be followed. On the first issue the respondent is reversed.

By amendment to his answer, the respondent has raised the issue of the propriety of his allowance of the deduction of the sum of $38,678.88, as taxes, under section 23 (c) of the Revenue Acts of 1934 and 1936. In making dividend distributions to the petitioner in the taxable year, Wisconsin corporations withheld and paid to the State of Wisconsin that sum for the 2½ percent privilege dividend tax imposed by section 3, chapter 505, Laws of 1935, as amended, of the State of Wisconsin. On brief respondent states this amendment was filed "for the protection of the revenue" because this Court held in the case of *Montreal Mining Co.*, 2 T. C. 688, upon the authority of *Wisconsin* v. *Penney Co.*, 311 U. S. 435, that the tax with which we are here concerned was deductible by the corporation.

---

[1] We note that respondent did not ask for certiorari in the *Tar Products* case.

The deductibility of these taxes depends upon whether the tax was "imposed" by the statute upon petitioner as a stockholder in the declarant corporations. *Wisconsin Gas & Electric Co.* v. *United States*, 138 Fed. (2d) 597; affd., 322 U. S. 526. The Circuit Court of Appeals for the Seventh Circuit, in deciding that case, followed recent decisions of the Supreme Court of Wisconsin and denied the deduction of such Wisconsin taxes by the declarant withholding corporation on the ground that the tax was "imposed" upon the stockholder as opposed to the corporation. The Circuit Court pointed out that the *Penney* case, *supra*, merely passed upon the constitutionality of the Wisconsin statute. As stated, the Supreme Court has just affirmed that decision of the Seventh Circuit. Upon that authority, we decide for the petitioner the issue raised in the amended answer. Our decision in the *Montreal Mining Co.* case, *supra*, on this point will no longer be followed.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

Arnold and Kern, *JJ.*, dissent.