ESTATE OF PUTNAM; GUARANTY TRUST CO., EXECUTOR, *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 534. Argued February 2, 1945.—Decided March 26, 1945.

---

[12] *South Carolina* v. *Georgia, supra; Scranton* v. *Wheeler, supra; Arizona* v. *California, supra,* 451–452.

Mr. *Wm. Dwight Whitney,* with whom *Messrs. Robert T. Swaine, Roswell Magill* and *George G. Tyler* were on the brief, for petitioner.

*Miss Helen R. Carloss,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr., Messrs. Sewall Key, Robert N. Anderson, Walter J. Cummings, Jr.* and *Miss Helen Goodner* were on the brief, for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

This case brings here for review a judgment which applies Section 42, Revenue Act of 1938,[1] so as to "accrue" corporate dividends on the date of their declaration rather than the later record or payment dates. The result is that the dividends are taxable as income to a decedent taxpayer instead of to his estate.

Certiorari was granted [2] because of a conflict in conclu-

---

[1] 52 Stat. 447, 473, § 42:

"The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period."

[2] 323 U. S. 702. Judicial Code, § 240 (a), as amended.

sion between *Tar Products Corp.* v. *Commissioner,* 130 F. 2d 866, and this case as to the date of accrual of corporate dividends. The resolution of this conflict is complicated by further conflicts between the decision below and those in other circuits as to whether the governing rule is to be drawn from federal or state law. *Helvering* v. *McGlue's Estate,* 119 F. 2d 167, 171; *Commissioner* v. *Cohen,* 121 F. 2d 348, 349.

The decedent, Henry W. Putnam, died on March 30, 1938. Prior to his death several corporations in which he owned stock declared dividends which by the resolutions were payable and were paid to stockholders of record on dates which were subsequent to his death. Each of these dividends, aggregating in all $24,051.75, was held by the Commissioner to constitute income to the decedent under the provisions of § 42. The Board of Tax Appeals decided that the time of accrual depends upon the varying state decisions as to when a corporate debt arises upon a declaration of dividend with a provision for its payment to stockholders of record on some future date. 45 B. T. A. 517. This resulted in an agreement in part with the Commissioner's determination.

The Circuit Court of Appeals was of the view that federal law controlled the disposition of the controversy and that the dividend accrued on its declaration. *Commissioner* v. *Guaranty Trust Co.,* 144 F. 2d 756.

We think the federal law controls. A federal revenue act applicable throughout the nation fixes liability on the decedent taxpayer under § 42 if the dividend is "accrued." The meaning of that word in this section should be uniform unless Congress has shown an intention to permit its meaning to be varied by state law. *Burnet* v. *Harmel,* 287 U. S. 103, 110; *Palmer* v. *Bender,* 287 U. S. 551, 555; *United States* v. *Pelzer,* 312 U. S. 399, 402–3. Section 42 lays down the test of accrual for the taxation of a decedent's income and the definition of the meaning and extent

of that test is a federal responsibility. The present problem is closely akin to that resolved in *Lyeth* v. *Hoey,* 305 U. S. 188, 193. In that case an heir received a sum in settlement of litigation over a will. Its taxability as income under the federal statute depended upon the meaning of the statutory exemption "acquired by inheritance." The law of the testator's domicile held sums paid as will compromises were not inheritances. Acting on the principle that, in the interest of uniformity, exemptions under federal statutes should be determined by federal courts, we reached a contrary federal rule. The same principle leads to our conclusion in this case.[3]

We recently examined the Congressional purpose in the enactment of § 42. *Helvering* v. *Enright,* 312 U. S. 636. That purpose was to cover into income the "accruals" theretofore unreported as income of a decedent

---

[3] The Government calls attention to the conflict in state decisions as to the event which vests title according to state law to a corporate dividend. Some specify the declaration and some compliance with the requirement of being a stockholder of record on a subsequent date.

Declaration date: *Ford* v. *Snook,* 205 App. Div. 194, 196, 199 N. Y. S. 630, aff'd 240 N. Y. 624, 148 N. E. 732; *Beattie* v. *Gedney,* 99 N. J. Eq. 207, 132 A. 652; *Western Securities Co.* v. *Silver King Mining Co.,* 57 Utah 88, 113, 192 P. 664; 27 Georgetown L. J. 74; 38 Harv. L. Rev. 245.

Record date: *Smith* v. *Taecker,* 133 Cal. App. 351, 24 P. 2d 182; *Richter & Co.* v. *Light,* 97 Conn. 364, 116 A. 600; *Ford* v. *Ford Manufacturing Co.,* 222 Ill. App. 76, 84; *Nutter* v. *Andrews,* 246 Mass. 224, 142 N. E. 67.

Accrual under § 42, however, is not dependent upon these varying concepts of when dividends vest. Despite possible difference between state and federal income taxation of dividend items, the presumed Congressional purpose to have the national revenue acts uniformly administered leads to a federal interpretation of accruals under § 42.

Such inconsistency would not occur if the federal accrual date under § 42 is held eventually to be the same for taxpayers on the accrued and cash basis. Cf. *Avery* v. *Commissioner,* 292 U. S. 210; *Tar Products Corp.* v. *Commissioner,* 130 F. 2d 866.

taxpayer who reported on a cash basis. By "accrual" the income so accrued became subject to income tax as decedent's income. These "accruals" had theretofore escaped taxation as the income of decedent, because no cash was received during decedent's life. Moreover, such payments were held not to be the income of decedent's estate on the theory that the "accrual" was a part of the corpus of the estate at death and therefore the estate's subsequent receipt of the "accruals" as cash was not income to the estate. *Helvering* v. *Enright, supra,* p. 639. In the instant case there is no avoidance of income taxes such as § 42 was designed to prevent. If the dividend does not "accrue" to decedent on the date of declaration so as to be taxable as income to him, it will appear as an item of income in the income tax return of the estate or of the stockholder who owns the stock on the record date.[4] Tax-

---

[4] Respondent argues for the judgment below on the ground that the dividends could not properly be treated as income of the estate when received, since the receipt of the dividends in cash by the estate was merely a conversion into money of one of the assets of the estate, citing *Vanderbilt* v. *Commissioner,* 11 B. T. A. 291; *Nichols* v. *United States,* 64 Ct. Cls. 241; 80 Treas. Reg., Art. 13. The truth or error of this position depends upon whether those dividends are income, by virtue of the accrual provision of § 42, to the decedent. If they are income to the decedent, they cannot be income also to the estate. If they are not income to the decedent, they are income to the estate. The Vanderbilt and Nichols cases were apparently decided on the theory that the items in controversy constituted income to the decedent and assets of the estate for estate tax purposes and therefore could not later be income to the estate. The regulation does not purport to direct the return as corpus of the estate of dividends declared but with a record date subsequent to the stockholder's death. Neither do the present regulations. 105 Treas. Reg., § 81.13; cf. *United States* v. *Phellis,* 257 U. S. 156, 171.

Congress has modified § 42 by an amendment which is inapplicable to this case. Revenue Act of 1942, § 134, 56 Stat. 798, 830; H. Rep. No. 2333, 77th Cong., 2d Sess., § 125, p. 83; S. Rep. 1631, 77th Cong., 2d Sess., § 135, p. 100.

wise, it may be important upon whom the tax falls as the sum assessed may vary according to the tax bracket of the taxpayer. This result, however, is apart from the purpose of Congress in enacting § 42 and is not significant in the interpretation of the section.[5]

We assume that decedent was a taxpayer on the cash receipts basis. Compare 144 F. 2d 756, 757.[6] Our inquiry leads us only to a decision as to whether a dividend accrues as income on its declaration with a subsequent record date, not to whether it accrues on its record date or its payment date. A declaration of a dividend to stockholders of record on the date of the resolution but payable in the future is not involved. This Court has suggested

---

[5] A reference to dividends appears in the legislative history but casts no light on the problem of the event which accrues a corporate dividend. See H. R. 7835, 73d Cong., 2d Sess., printed with Senate amendments, March 28 (Calendar day, April 13), 1934; I. R. B., C. B. 1939–1 (Part 2), p. 629, Amendment 27; § 43, Revenue Act of 1934, 48 Stat. 694; § 43, Revenue Act of 1938, 52 Stat. 473.

[6] Therefore the construction of accrued according to the taxpayer's method of accounting, which is directed in § 48 (c), 52 Stat. 476, is not of use. *Helvering* v. *Enright*, 312 U. S. 636, 644. *Avery* v. *Commissioner*, 292 U. S. 210, holds that dividends of a living taxpayer on the cash basis would not become his income on mere declaration but only when "received," that is, unqualifiedly made subject to the stockholder's demand as by check. "Received" in the section there under consideration was the word designating taxability as income of sums actually or constructively collected, including dividends, as it is in the section of the statute here involved. This rule has been continuously applied.

See *Mason* v. *Routzahn*, 275 U. S. 175, 178; 65 Treas. Reg., Art. 1541; 101 Treas. Reg., Art. 42–3; 111 Treas. Reg., § 29.42–3; 53 Harv. L. Rev. 853; 2 Mertens, Federal Income Taxation, 17.

See *Tar Products Corp.* v. *Commissioner*, 130 F. 2d 866, for an instance of the application of this rule to a taxpayer on the accrual basis. Compare 94 Treas. Reg., Art. 115–1 and 22 (a) (1) for appraisal of position of those regulations as to date when dividends are received by a taxpayer. *American Light & Traction Co.* v. *Commissioner*, 3 T. C. 1048.

that a tax be deemed to accrue as a charge against a taxpayer when events "occur which fix the amount of the tax and determine the liability of the taxpayer to pay it." *United States* v. *Anderson,* 269 U. S. 422, 441. It has said also that accrual imports "that it is the *right* to receive and not the actual receipt that determines the inclusion of the amount in gross income." *Spring City Co.* v. *Commissioner,* 292 U. S. 182, 184. The declaration of the dividends here in question fixes their amount but does not determine the distributee. He cannot be known with certainty until the record date. Nor does the stockholder have the right to receive payment upon the declaration. The words of the corporate resolution which arranges for the payment from the stock record of a certain day determine the earliest time for possible receipt.

Under the income tax acts no stockholder has a separate and divisible taxable interest in the assets of a corporation even though those assets have been increased by earnings. Earnings, before declaration of dividends, while increasing the value of his stock, have never been treated as an event to mark taxable income to the stockholder. Mere declaration of a dividend does not alter the stockholder's interest in the corporate assets. If no other factors were involved in value except earnings and dividends, the value of the stock would advance *pari passu* with earnings and the declaration of a dividend with a subsequent record date for payment would not affect the stock's value. *United States* v. *Phellis,* 257 U. S. 156, 171. See Schabacker, Stock Market, 353. The stockholder can acquire no interest in a dividend, amounting to an accrual under § 42, before the amount of the dividend and the distributee is determined.

In applying to the present dividends our description of accruals under § 42 as "assets of decedents, earned during their life and unreported as income, which on a cash re-

turn, would appear in the estate returns,"[7] the Court of Appeals may have treated the words "earned during" the decedent's life as though they included, prior to a declaration of dividends, the proportionate part of corporate earnings attributable to decedent's stock. If so, it is a more extended meaning than was intended, since stock does not earn an identifiable separate taxable share of corporate profits for its owner before the corporation makes those profits available to the stockholder. It is not the earnings of a corporation but the separation of those earnings by a completed dividend which assigns a part of those earnings to a stockholder. The price a stockholder would receive on a stock sale after declaration and before the record date would reflect corporate earnings but would not reflect the declaration or non-declaration of a dividend. As the same value would be in the stock with or without the declaration, the price would be the same. Only an ex-dividend sale would affect price.

For the earnings of a corporation to pass into the earnings of its stockholder, so as to be subject to accrual to the stockholder under § 42, something more than a declaration of dividends with a subsequent record date to identify the distributee is required. Such a declaration leaves the identity of the recipient at large. Such uncertainty destroys any conception of accrued as involving a right to receive or an obligation to pay, elements which we think are essential for accruals under our decisions.[8]

*Reversed.*

---

[7] 312 U. S. at 644–45; 144 F. 2d at 758.

[8] This accords with the original holding of the Board of Tax Appeals on this question in *Estate of McGlue*, 41 B. T. A. 1186, 1193. After that case was reversed on the law of New York, *Helvering* v. *McGlue's Estate*, 119 F. 2d 167, the Board followed the Circuit Court decision. *Estate of Ledyard*, 44 B. T. A. 1056, 1065. Recently the Tax Court has held that a taxpayer on the accrual basis should account for a dividend when received. *American Light & Traction Co.* v. *Commissioner*, 3 T. C. 1048.