## LAVERY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9091.

Circuit Court of Appeals, Seventh Circuit.

Dec. 3, 1946.

Urban A. Lavery, of Chicago, Ill., for petitioner.

Douglas W. McGregor, Asst. Atty. Gen., Sewall Key, Helen R. Carloss, I. Henry Kutz, and Miss Melva M. Graney, Assts. to Atty. Gen., and J. P. Wenchel and Rollin Transue, Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

This appeal involves a dispute over the year a sum received by Lavery, the taxpayer, appellant herein, was taxable under the federal income tax law.

Mr. Lavery, the taxpayer, had been managing editor of the American Bar Association Journal. He was paid in full for his 1941 services. He terminated his services and the Board of Editors tendered him an honorarium, a check for $2,666.67, which he accepted as "payment in full satisfaction of all his claims against the said Association and the members of the said Board of Editors on account of his said employment as such Managing Editor and the termination of that position." The check represented four months' pay at the rate of $8,000 per annum.

The check was received December 30, 1941, and cashed January 2, 1942. December 30th fell on Tuesday.

Taxpayer reported on the cash receipts and disbursements basis.

The applicable statute provides

Section 22(a) " 'Gross income' includes * * * income derived from salaries, wages, or compensation for personal services * * * of whatever kind and in whatever form paid * * *." 26 U.S.C.A. Int.Rev.Code, § 22(a).

The Regulation (103, Sec. 19.41-2) contains the following:

"All items of gross income shall be included in the gross income for the taxable year in which they are *received* by the taxpayer * * *. A taxpayer is deemed to have received items of gross income which have been credited to or set apart for him without restriction.

"Income which is credited to * * * or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition."

Taxpayer relies upon the case of Avery v. Commissioner, 292 U.S. 210, 54 S.Ct. 674, 78 L.Ed. 1216. In the later case of Putnam v. Commissioner, 324 U.S. 393, 65 S.Ct. 811, 814, 89 L.Ed. 1023, 158 A.L.R. 1426, the Court referred to its holding in the Avery case as follows: "Avery v. Commissioner * * * holds that dividends of a living taxpayer on the cash basis would not become his income on mere declaration but only when 'received,' that is, unqualifiedly made subject to the stockholder's demand *as by check* * * *." (Italics ours.)

The Court inferentially holds that receipt of a check is equivalent to the receipt of cash. The Avery case was decided on the fact hypothesis that the check was not received until January, following its execution in December.

There might perhaps be a distinction between the date of receipt of cash and the date of the receipt of a check which arrived the last day of the year and too late to be cashed by the payee on that day. In the instant case the taxpayer could have cashed the check on the day it was received by him, or at least on the next day. There was no doubt about the validity of the check or the solvency of the drawer.

Our conclusion is that the check was the equivalent of cash in this case, and this being so, we must hold it was received in 1941. Magill, Taxable Income, Rev.Ed., 1945, p. 179; Hedrick v. Commissioner, 2 Cir., 154 F.2d 90, 91.

Taxpayer also argues that the check was in payment of services by him rendered in 1942. While the fact assertion on which this argument is predicated is disputed, we dispose of this appeal on the theory that the date of the payment, not the date of the rendition of the services, is the determinative fact.

The decision of the Tax Court is affirmed.