THE CUBA RAILROAD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9397. Promulgated August 18, 1947.

*Josiah Willard, Esq., Philip H. Weeks, Esq.,* and *Richard S. Greenlee, Esq.,* for the petitioner.

*William A. Schmitt, Esq.,* for the respondent.

214

OPINION.

Murdock, *Judge*: The principles applicable in a case like this are sufficiently set forth in the following quotation from *San Francisco Stevedoring Co.*, 8 T. C. 222:

\* \* \* A taxpayer, using an accrual method of accounting, must accrue an item in the year in which the taxpayer acquires a fixed and unconditional right to receive the amount, even though actual payment is to be deferred. There must be no contingency or unreasonable uncertainty qualifying the payment or receipt. Income does not accrue to a taxpayer using an accrual method until there arises in him a fixed or unconditional right to receive it. *United States* v. *Anderson*, 269 U. S. 422; *Continental Tie & Lumber Co.* v. *United States*, 286 U. S. 290; *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182; *United States* v. *Safety Car Heating & Lighting Co.*, 297 U. S. 88; *Putnam's Estate* v. *Commissioner*, 324 U. S. 393; *H. Liebes & Co.* v. *Commissioner*, 90 Fed. (2d) 932; Mertens Law of Federal

Income Taxation, sec. 12.60. The time when an item accrues is largely a question of fact, to be determined in each case.

The petitioner contends that collection of the unpaid amounts due it from the Cuban Government was so uncertain and contingent as to justify it in failing to accrue those items for the taxable year, even though it was using an accrual method of accounting. There was no uncertainty as to the amount which the Cuban Government owed the petitioner for services rendered during the taxable year, but there was great uncertainty as to when and whether the Cuban Government would pay that amount. It has never paid it. The petitioner had an unenforceable claim. Collection was apparently at the mercy of the political whims of future Cuban administrations. The evidence as a whole shows that there was real doubt and uncertainty at the end of the taxable year as to whether any of the amount due and unpaid would ever be paid. A taxpayer, in such circumstances, is not required to accrue an item like this as income and pay income tax thereon, but is permitted to wait until the uncertainty is removed in some way. A similar rule applies to the accrual of obligations to pay. Cf. *Brighton Mills, Inc.* v. *Commissioner*, 161 Fed. (2d) 791, affirming 7 T. C. 819.

*Decision will be entered under Rule 50.*