## HOME FURNITURE CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5725.

Circuit Court of Appeals, Fourth Circuit.
May 18, 1948.

Meredith M. Daubin, of Washington, D. C., for petitioner.

Harry Baum, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Sewall Key and George A. Stinson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before SOPER and DOBIE, Circuit Judges, and BRYAN, District Judge.

DOBIE, Circuit Judge.

This is an appeal by the Home Furniture Company (hereinafter called petitioner) from a decision of the Tax Court of the United States determining petitioner's income tax liability for the year 1943 and excess liability for the year 1942.

Petitioner was a corporation engaged in the retail furniture business. It reported its net income on the cash receipts and disbursement basis, deducted the cost of merchandise sold in the year of purchase, and reported its income from sales in the year of collection. R. E. Burks, Inc., (hereinafter called Burks, Inc.) was also a corporation engaged in the retail furniture business, and all the capital stock of both petitioner and Burks, Inc. was owned by Mrs. Ethel Burks.

On January 5, 1943, petitioner entered into a contract to sell to Burks, Inc. all of

its accounts receivable, representing the un-collected sale price of merchandise already sold by petitioner to its customers. These accounts receivable amounted to $46,927.-85, of which $31,396.08 was listed as "Good and collectible" and the balance of $15,-531.77 as "Bad and doubtful." Burks, Inc. agreed to assume the cost of collection and to pay petitioner 43% of the total amount collected, but in no event more than $13,-400. Burks, Inc. further promised to re-mit that amount in semi-annual installments of not to exceed $1,500. On the same day petitioner agreed to sell its inventory to Burks, Inc. at the book cost to taxpayer of $15,000, which Burks, Inc. agreed to pay in semi-annual installments of $2,500.

During the year 1943, Burks, Inc. actual-ly collected $24,860.28 of these accounts re-ceivable, of which $23,352.50 had been col-lected up until October 11, 1943. In July, 1943, Burks, Inc. paid to petitioner the first semi-annual installments of the recited pur-chase price of the accounts receivable and inventory. On October 9, 1943, petitioner agreed to sell its assets "including all ac-counts receivable" to Mrs. Burks, its sole stockholder, for $1 "and other good and valuable consideration;" and on the same day Mrs. Burks undertook to take over petitioner's assets and to assume its obli-gations. On October 11, 1943, petitioner was dissolved. In December, 1943, Burks, Inc. paid $4,400 to Mrs. Burks by check of that Company signed by her, and also trans-ferred to her $20,000 of United States Government bonds acquired by Burks, Inc. at a cost of $20,000. These payments were intended as a settlement for collections of the accounts receivable. In its income tax return for 1943 petitioner failed to report the $4,400 cash and $20,000 bonds paid by Burks, Inc. to Mrs. Burks. The Commis-sioner of Internal Revenue added the $24,-400 to petitioner's gross income, resulting in the 1943 deficiency now in controver-sy. The Tax Court of the United States sustained the Commissioner's determina-tion on the ground that the alleged sale by petitioner to Burks, Inc. was a mere tax saving device lacking business reality, by which petitioner sought to channel its income to Burks, Inc.

We agree with the Tax Court that the only substantial question here is whether the $24,400 transferred by Burks, Inc. to Mrs. Burks (sole shareholder of both peti-tioner and Burks, Inc.) constituted (and therefore should be added to) income of petitioner for the year 1943. We think, as did the Tax Court, that this question must be answered in the affirmative.

It is an elementary principle of federal income tax law that an anticipatory assignment of income, whatever its guise, will not absolve the assignor from income tax liability. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Helvering v. Horst, 311 U. S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Doyle v. Commissioner, 4 Cir., 147 F.2d 769. Economic realities, not legal for-malities, determine tax consequences; in-come is taxable to its creator and control-ler, not to its collector. Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055. And, in Lucas v. Earl, 281 U.S. 111, 114, 115, 50 S.Ct. 241, 74 L.Ed. 731, Mr. Justice Holmes crisply said: "But this case is not to be decided by attenuated subtleties. It turns on the import and reasonable con-struction of the taxing act. There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipa-tory arrangements and contracts however skilfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken ac-cording to the motives leading to the ar-rangement by which the fruits are attribut-ed to a different tree from that on which they grew."

See, also, United States v. Joliet and Chicago Railroad Co., 315 U.S. 44, 48, 49, 62 S.Ct. 442, 86 L.Ed. 658.

All that petitioner did here was to part with a right to receive income in its corporate name. Mrs. Burks was the sole shareholder of the petitioner-assignor and Burks, Inc., the assignee. From the stand-

314

point of economic realism and if we look to substance rather than to form, the arrangement here was merely an attempt to deflect income from the treasury of one wholly owned corporation to the treasury of another, and thence into the pocket of the sole and single shareholder of the two corporations. No adequate commercial reason could be shown for the transaction, the consideration was obviously inadequate and the formal parties paid little heed to the stipulations in the contract. The sheer lack of any genuine economic justification for the dealings here involved was further shown by the lack of familiarity with the terms of the contract on the part of Mrs. Burks. We must, therefore, hold that these contracts were patent schemes for the avoidance of taxes. See, further, Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

We notice briefly two other contentions of the petitioner-appellant. The contention of petitioner that the Tax Court committed reversible error in denying petitioner's motion for special leave to file a motion to vacate the Tax Court's decision is quite without merit. This motion was not seasonably made, so that even the entertaining of the motion, much less the granting of it, was entirely a matter of grace on the part of the Tax Court.

Petitioner contends that the Tax Court erred in denying to petitioner an unused excess profits credit adjustment for 1942. We think this issue was very clearly abandoned at the hearing below. Accordingly, petitioner, under Rule 50 of the Rules of Practice of the Tax Court, 26 U.S.C.A. following section 5012, could not now revive it. As was stated by Judge Johnson of the Tax Court in his Memorandum sur Decision: "No specific reference was made to this issue at the hearing, and in a blanket statement petitioner's counsel waived all issues not mentioned." See Banker's Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325; Quintana Petroleum Co. v. Commissioner, 5 Cir., 143 F.2d 588; Commissioner v. West Production Co., 5 Cir., 121 F.2d 9, certiorari denied 314 U.S. 682, 62 S.Ct. 186, 86 L.Ed. 546.

Finally, it was argued before us that the Commissioner is in an inconsistent position in contending that the collections of the accounts receivable should be accounted for as income of the Home Furniture Company, notwithstanding the fact that the Commissioner accepted the income tax return of Burks, Inc. wherein these receipts were reported as income to Burks, Inc., less the amount which it had agreed to pay to the Home Furniture Company for the accounts. The answer to this argument, of course, is that the Commissioner was not obligated to reject the tax on the income as reported by Burks, Inc. and by receiving it from Burks, Inc. was not estopped from claiming that the income should have been attributed to the Home Furniture Company. The remedy, if any, is a claim for refund by Burks, Inc. See, Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Gouldman v. Commissioner, 4 Cir., 165 F.2d 686; Hash v. Commissioner, 4 Cir., 152 F.2d 722.

The decision of the Tax Court of the United States is affirmed.

Affirmed.