**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eugene C. JAMES, Defendant-Appellant.**

**No. 12719.**

United States Court of Appeals
Seventh Circuit.

Dec. 29, 1959.

Joseph E. Green and Richard E. Gorman, Chicago, Ill., for appellant.

Charles K. Rice, Lee A. Jackson, John J. McGarvey, Meyer Rothwacks, Dept. of Justice, Washington, D. C., R. Tieken, John Peter Lulinski, William A. Barnett, Chicago, Ill., for appellee.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and PLATT, District Judge.

SCHNACKENBERG, Circuit Judge.

After a trial without a jury, the district court found defendant Eugene C. James guilty of wilfully attempting to defeat and evade a large part of income tax due and owing by him and his wife for each of the years 1951 to 1954 inclusive, as alleged in a four count indictment. From judgment entered on the said findings, defendant has appealed.

The facts are not in dispute. The monies obtained by defendant amounting to over $700,000, which were not included in his returns for the taxable years, were misappropriated by him, partly from a union entity and partly from an insurance company, by means which made him guilty of the crime of embezzlement of such funds as a principal, under applicable laws of New Jersey. Defendant and one Saperstein were indicted for said embezzlement in New Jersey and an order of extradition of defendant from Illinois to New Jersey was affirmed

by the Illinois Supreme Court, People ex rel. James v. Lynch, 1959, 16 Ill.2d 380, 158 N.E.2d 60, and a petition for rehearing denied May 19, 1959.

Defendant argues that the receipt of embezzled funds, where the embezzlement has been made the subject of criminal prosecution, and when the fact that the funds were obtained by the crime of embezzlement has been specifically found by the trial court, does not constitute taxable income to the embezzler. He relies on Commissioner of Internal Revenue v. Wilcox, 1946, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752. However, plaintiff contends that, as applied to the facts in this case, the Wilcox interpretation of section 22(a)[1] was rejected by Rutkin v. United States, 1952, 343 U.S. 130, 72 S. Ct. 571, 96 L.Ed. 833. In Rutkin, it was held that money obtained by extortion constitutes taxable income to the extortioner. The court applied this test, 343 U.S. at page 137, 72 S.Ct. at page 575:

"An unlawful gain, as well as a lawful one, constitutes taxable income when its recipient has such control over it that, as a practical matter, he derives readily realizable economic value from it. Burnet v. Wells, 289 U.S. 670, 678, 53 S.Ct. 761, 764, 77 L.Ed. 1439; Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 337, 74 L.Ed. 916. * * *"

The court referred, 343 U.S. at page 138, 72 S.Ct. at page 576, to Wilcox in these words:

"We do not reach in this case the factual situation involved in Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752. We limit that case to its facts. There embezzled funds were held not to constitute taxable income to the embezzler under § 22 (a). The issue here is whether money extorted from a victim with his consent induced solely by harassing demands and threats of violence is included in the definition of gross income under § 22(a). We think

the power of Congress to tax these receipts as income under the Sixteenth Amendment is unquestionable. The broad language of § 22 (a) supports the declarations of this Court that Congress in enacting that section exercised its full power to tax income. We therefore conclude that § 22(a) reaches these receipts."

Three years later, in Commissioner of Internal Revenue v. Glenshaw Glass Co., 1955, 348 U.S. 426, at pages 429–430, 75 S.Ct. 473, at page 476, 99 L.Ed. 483, the court cited Rutkin in support of its holding that Congress, in enacting section 22(a), "applied no limitations as to the source of taxable receipts, nor restrictive labels as to their nature"; and that it thereby intended "to tax all gains except those specifically exempted", and thus (348 U.S. at page 433, 75 S.Ct. at page 477), "to bring the taxing power to bear upon all receipts constitutionally taxable * * *."

Again, whereas the Wilcox interpretation resorted to *state* law in determining the absence of a bona fide claim of right to the alleged gain and the existence of an obligation to repay it, Rutkin made no resort to state law. Instead it recognized the well settled principle that in matters of federal taxation "Congress establishes its own criteria and the state law may control only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law". Lyeth v. Hoey, 1938, 305 U.S. 188, 194, 59 S.Ct. 155, 158, 83 L.Ed. 119. See also, United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Jerome v. United States, 1943, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640; Estate of Putnam v. Commissioner of Internal Revenue, 1945, 324 U.S. 393, 65 S.Ct. 811, 89 L.Ed. 1023. Thus Rutkin was an interpretation of section 22(a) in keeping with precedent, and the economic use and benefit test there announced—unlike the claim of right test of Wilcox—provided a rule of law susceptible of ready and uniform

1. 26 U.S.C.A. (I.R.C.1939) § 22(a).

application to all unlawful gains, however acquired.

For the reasons herein set forth, the judgment of the district court is affirmed.

Affirmed.