ODELL HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8389.    Promulgated October 4, 1927.

> In January, 1920, petitioner's directors determined to pay to its employees a bonus as additional compensation for the fiscal year ending June 30, 1920, of $25,000 to be distributed to its employees. The amount of $25,000 was credited on the books of petitioner as an accrued liability, in an account styled "Bonus Account," monthly from January to June, both inclusive, 1920. *Held,* that the $25,000 constituted an accrued expense for the fiscal year ending June 30, 1920, and was a proper deduction from gross income for that year.

*H. A. Mihills, C. P. A.,* for the petitioner.
*T. M. Wilkins, Esq.,* for the respondent.

This is a proceeding to redetermine an alleged deficiency in income and profits tax for the fiscal year ended June 30, 1920, in the amount of $6,878.49.

The only error assigned is that "The Commissioner has disallowed as a deduction, a bonus provided as additional salaries to its employees for the fiscal year ended June 30, 1920, in the amount of $25,000."

FINDINGS OF FACT.

The petitioner is a North Carolina corporation with its principal office at Greensboro, and operated on a fiscal year basis, ending June 30, of each year. For the years 1918 and 1919, the petitioner had given bonuses to its employees. In January, 1920, J. N. Wills, who was secretary and treasurer of the petitioner, and who owned about one-fifth of the stock, after an informal conference with C. H. Ireland, the president, and P. N. Brooks, vice president, those three persons owning practically all the stock and constituting the board of directors, instructed the accountant for petitioner to set aside $3,000 at the end of each of the remaining six months of the fiscal year, as a bonus fund for employees, and in the event business justified the increase, that said amount be increased to a maximum limit of $25,000.

The full amount of $25,000 was so set aside, charged and accrued on the books on or before June 30, 1920. That amount so set up on its books was considered and treated by petitioner as a liability, and was so treated by it in its reports and statements to banks and otherwise. That determination and the resultant actions were communicated to and known by at least some of the employees.

J. N. Wills was made trustee of the bonus fund, and an account with him as trustee was opened on the books, and on December 31, 1920, that account was credited with $25,000 cash. That amount was borrowed by petitioner from a bank, under an agreement that the whole amount would not be drawn on at once. Such agreement being at the instance of the bank on account of the stringency in money conditions at that time.

In the early part of 1921, a part of the amount allotted to each employee was paid to him, and in this way, $12,880 was appropriated. During the early part of 1921 a plan was formulated by some of the employees, encouraged and assisted by Wills, to establish and equip a country club for the use and benefit of the employees. Some of the employees were not interested in that scheme and it was agreed that those who declined to take stock in it should be paid their full bonus in cash. Finally all employees took stock, and the amount of $12,120 remaining in the treasury with the trustee was so used. That amount not being sufficient to establish and equip the club in the manner desired, the petitioner took a sufficient amount of stock, paying cash therefor, to meet the deficit. The board of directors of the club, after the organization of the club corporation, were selected from the employees and no director of petitioner corporation was on that board. Only employees of petitioner were eligible to membership in the club. If a member left the employ of

petitioner he might retain his stock or assign it to another employee. There were at least two employees, who at the time of the development of the club project were employees, but before its final incorporation left the company, who received their certificates of stock.

The petitioner kept its books on the accrual basis.

OPINION.

LOVE: A bonus to employees of a corporation properly determined and set aside and accrued as additional compensation for services rendered during the year for which so determined and set aside, is an allowable deduction under section 214 (a) of the Revenue Act of 1918. *Appeal of W. H. Harris Grocery Co.*, 3 B. T. A. 216; *Appeal of Josiah Wedgwood & Sons, Ltd.*, 3 B. T. A. 355.

The petitioner's board of directors during the taxable year determined (though informally) to pay its employees a bonus of $25,000, which amount was determined and accrued on its books before the final closing of the books for the taxable year. The actual cash to go into this fund was not, however, segregated from the assets of the company and deposited to the credit of this fund until six months after the close of its fiscal year. There was no " yard stick " prescribed or provided by which to measure or determine how much of that bonus any given employee would receive. Only the aggregate amount for all the employees was known. Not until after six months, after the close of the year, was there any money stamped or " earmarked " as the bonus fund. However, each of the employees had an undivided interest in that bonus fund. The liability was of the same debtor. The fund was dedicated, set aside and accrued, *in solido*, for all the employees. The fact that no segregation of the total amount of the bonus was made to each of the individual employees upon the books within the taxable year, is not, in the opinion of the Board, controlling. See *Appeal of American Express Co.*, 2 B. T. A. 498. *Appeal of Josiah Wedgwood & Sons, Ltd.*, 3 B. T. A. 355.

The bonus was determined upon by the corporation and the full amount of same was accrued upon the books, and became a fixed, definite and accrued liability during the taxable year, and on and after the close of the taxable year was regarded and treated by the corporation as a fixed, and accrued liability.

Under the facts of this case the full $25,000 was a deductible expense for the year 1920.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*