OXFORD INSTITUTE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77952. Promulgated February 18, 1936.

*A. A. Jones, Esq.*, and *J. W. North, C. P. A.*, for the petitioner.
*J. D. Kiley, Esq.*, for the respondent.

OPINION.

ARUNDELL: The issue is the deductibility as "expenses paid or incurred during the taxable year" (sec. 23(a) of the Revenue Act of 1932) of three items of $6,406, $4,980, and $410 paid during 1932 by the corporation to trustees as bonuses for its various classes of employees, which amounts were subject to be paid back to the corporation if the employees failed to fulfill their contracts.

Contingent bonuses for employees have been held not accruable as expenses until the occurrence of the event on which liability depends. *S. Naitove & Co.*, 8 B. T. A. 589; affd., 32 Fed. (2d) 949; certiorari denied, 280 U. S. 582. See also, *Fuller Brush*

*Co.*, 8 B. T. A. 855; *Commercial Electrical Supply Co.*, 8 B. T. A. 986; *Western States Envelope Co.*, 10 B. T. A. 856; *Horn & Hardart Baking Co.*, 19 B. T. A. 704. In all of these cases the corporations made no present payments on account of the contingent bonuses, but merely attempted to accrue them as expenses on their books, and they were disallowed.

The present case presents a different fact situation. The corporation here was under a binding liability to make monthly payments to a trust of all bonuses accrued for its employees. *Hibbard, Spencer, Bartlett & Co.*, 5 B. T. A. 464; *Elgin National Watch Co.*, 17 B. T. A. 339. Each month the corporation actually paid out and expended as required by its irrevocable trust agreement the sums for which deduction is sought here. The sums were put beyond the control of the corporation. The fact that they were subject to be paid back to the corporation on the happening of contingencies within the control of the employees does not change their character as present expenses to the corporation. They are deductible as "expenses paid  *  *  *  during the taxable year."

*Judgment will be entered under Rule 50.*