## AMERICAN SNUFF CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7277.

Circuit Court of Appeals, Sixth Circuit.
Dec. 9, 1937.

Llewellyn A. Luce, of Washington, D. C. (Morton E. Finch, of Memphis, Tenn., on the brief), for petitioner.

L. W. Post, of Washington, D. C. (Robert H. Jackson and Sewall Key, both of Washington, D. C., on the brief), for respondent.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals assessing a deficiency tax against the petitioner for the year 1928. The assessment was based on the disallowance of deductions from income for the taxable year.

The petitioner kept its books and accounts on an accrual basis. In 1912 its stockholders adopted a resolution providing that for that year and each succeeding year the president and vice presidents of the company should each be paid for his services, in addition to his regular salary, a certain percentage of any net profits earned by the company for the year in excess of those earned by it in 1911. The net profits were to consist of net earnings less, among other things, such depreciation as the board of directors should determine. It was made the duty of the treasurer of the company, at the end of the year, to ascertain the amount of the net profits according to a formula given in the resolution. In computing the net profits for the years 1912 to and including 1927, the treasurer deducted depreciation on the books of the company in greater amounts than were claimed by it or allowed by the Commissioner of Internal Revenue in its income tax returns, with the result that the net profits as shown by the books were less than the taxable net income reported. Petitioner paid extra salaries to the officers for each of those years on the basis of the depreciation charged on its books, and the Commissioner allowed the amounts so paid. In the taxable year 1928 the officers made claim against the petitioner for additional compensation computed on the basis of deductions of the lesser depreciation reported in the tax returns. After suit was threatened, the treasurer submitted the matter to the New York counsel of petitioner, who decided that the compensation should be paid. Payments were made by the treasurer in 1928, and later the board of directors ratified the action.

Under its method of accounting the petitioner was entitled to deduct expenses and salaries only for the year in which they were incurred. So the question is whether the additional salaries paid in 1928 were deductible as an expense incurred in that year. There is no authoritative decision precisely in point. In Lucas v. Ox Fibre Brush Co., 281 U.S. 115, 50 S.Ct. 273, 74 L.Ed. 733, the taxpayer kept its books on an accrual basis, and it was held that salaries for services rendered in previous years were deductible from income for the taxable year in which they were allowed and paid; but in that case there was no prior agreement or legal obligation to pay the salaries at the time the services were rendered. In Bauer Bros. Co. v. Commissioner, 46 F.2d 874 (C.C.A.6), the taxpayer deducted for the year 1918 bonuses allowed to certain officers and employees of the company which were paid in 1919 pursuant to a resolution passed at a meeting of the board of directors during the latter year. The books of the company, as in the present case, were kept on an accrual basis, and the bonuses to be paid were to be determined in the discretion of the president. The court held that the bonuses paid were not deductible from income for the year 1918, pointing out that no legal obligation to pay them was contracted for that year. Here the petitioner agreed in 1912 to pay a stipulated percentage of its net profits in excess of those earned in 1911. It was a subsisting agreement which, upon the performance of the services by the officers, became an obligation incurred by the petitioner. The fact that the resolution provided that the amounts to be paid should be determined by the treasurer does not affect the question, for the amounts were capable of definite and accurate ascertainment at the time of the completion of the services, at which time the duty to pay such amounts became a legal and binding obligation upon the petitioner. Nor is it important that the resolution provided that the treasurer's determination should not be open to question, because that provision obviously related to the determination of the net profits, and it was the duty of the treasurer to compute the profits, as he subsequently did compute them, on a proper and just basis.

The order of the Board of Tax Appeals is affirmed.