## WILLOUGHBY CAMERA STORES, Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 117.

Circuit Court of Appeals, Second Circuit.

Argued Jan. 14, 1942.

Decided Jan. 29, 1942.

608

James H. Douglas, of New York City (Menahem Stim, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Robert N. Anderson, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The issue here is whether petitioner was entitled to deduct from gross income, as business expenses under § 23(a) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, § 23(a), certain amounts which it set up on its books as reserves for employees' bonuses. The amounts were deducted in 1935 and 1936, although not paid until the following years, and the disputed question is whether the taxpayer, which is on the accrual system, was entitled to make the deductions in the earlier years. The Board of Tax Appeals held that there was, when the accounts were set up, no legal liability to pay the amounts credited to the bonus reserve. We disagree.

Mr. Riggles, president of the corporation, testified that, at the time of hiring, the employees (who are called "co-workers") "are told that we run a cooperative organization, that they are co-partners of the business, and after two years' service they participate in a general bonus distribution." While "co-partner" may be too glorified a title for an employee whose claim to it is membership in a profit-sharing scheme, petitioner has succeeded in establishing that it was obligated to pay bonuses in some amount. Where such an inducement is held out to an employee at the time of hiring, it is familiar doctrine that there is an implied contract to make payments. See Annotation, 28 A.L.R. 331. This is in accord with the reasonable expectation of the employee, an expectation which is heightened where, as here, similar hopes have been stimulated in his fellow-employees and where the employer's custom has been to satisfy those hopes. In such circumstances, it has been held, the employee may sue for his bonus, though his recovery may be limited to a nominal amount. He is protected, furthermore, against a forfeiture of his rights by an arbitrary discharge. Annotation, 28 A.L.R. 346.

No doubt the obligation imposed on the employer by such a contract, while the amount remains both unknown and unknowable, will not serve as the basis of a deductible accrual. On the other hand, there can be no doubt about the deductibility of an accrual, if the amount thereof may be determined by a fixed formula, as by a percentage of profits. Petitioner argues, and we agree, that an adequate substitute for such a formula is to be found in the

fact that in December of each year the board of directors meets to determine how much shall be paid as bonuses during the next year. Following this determination, a memorandum is handed to the treasurer, who credits this amount to "Reserve for Bonus or Extra Compensation" and charges it to profit and loss. The action of the board of directors, while not as inflexible as a formula, must be regarded, in view of the company's custom, as definitely fixing a minimum for the amount to be paid. The amount was known to the employees, and we think it apparent that the action was intended by the company and accepted by the employees as more than a statement that so much would be paid if the company did not change its mind.[1] The fact that before the amounts were paid in the succeeding years, new resolutions were passed by the board of directors is irrelevant; later resolutions were necessary to set the date of distribution, and those passed here, though somewhat repetitive, do not militate against the conclusion that the amounts set up by the earlier resolutions were regarded as final. As in the case of Continental Tie & Lumber Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111, all the events necessary to a determination of the amount to become due were present in the taxable years. See, also, United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L. Ed. 347; Mobile Drug Co. v. United States, D.C., 39 F.2d 940; 47 Harvard Law Review 1255.

■ The Board of Tax Appeals held that an employee of the taxpayer could not ascertain, within the taxable year, his proportionate share of the accrual. We do not regard that as relevant to the issue of deductibility. If the directors' decision had been subject to revocation, the existence of a formula by which an employee could compute his share of a tentative amount would add nothing to the propriety of an accrual;[2] similarly, if the sum was set aside finally and without reservation as a liability to the group, the absence of a formula for individual distribution would in no way impair the accuracy, from an accounting point of view, of the accrual as a reflection of the company's affairs. In view of the custom followed by this company, we think that its promise to its "co-workers" was twofold: (1) to pay at least some amount as a bonus, and (2) to pay at least the amount, if any, set up on its books at the end of each year as a reserve for bonuses. Thus the enforceable obligation to pay a nominal sum, found in the usual case, was in this one supplanted at the time of the directors' meeting by a promise to pay in the aggregate, at least the amount set up in the reserve.[3] That obligation could have been enforced by the employees as a class, and we do not think that a court would be unable to devise some equitable method for apportioning the sum among them. The fact that no date for payment was set at the December meeting is irrelevant; under the accrual system of accounting "the use of the word 'accrued' does not signify that the item is due. On the contrary, the accrual system wholly disregards due dates." United States v. Anderson, 269 U.S. 422, 425, 46 S.Ct. 131, 70 L.Ed. 347. If the issue here were when payment becomes due, we would be required to select some date reasonable under the circumstances, presumably the end of the succeeding year; but we are not faced with that task.

Since there was an obligation enforceable within the taxable year, the deductions were proper. The order of the Board of Tax Appeals, therefore, is reversed.

---

[1] The fact that the amount was not in round figures suggests that it was not a mere estimate or prediction.

[2] Compare Odell Hardware Co. v. Commissioner, 8 B.T.A. 485, with the present case, and see 1 Paul & Mertens, Law of Federal Income Taxation, 569, note 64.

[3] Because there was here an enforce- ■ able obligation in the amount accrued, the case is different from S. Naitove & Co. v. Commissioner, 59 App.D.C. 53, 32 F.2d 949, certiorari denied 280 U.S. 582, 50 S.Ct. 34, 74 L.Ed. 632. Cf. Oxford Institute v. Commissioner, 33 B.T.A. 1136; Rogers, Brown & Crocker Bros., Inc., v. Commissioner, 32 B.T.A. 307.