**PARK HOSIERY MILLS v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11078.

United States Court of Appeals Sixth Circuit.

June 2, 1950.

George E. H. Goodner, Washington, D. C., for petitioner.

Theron L. Caudle, Charles Oliphant, Claude R. Marshall, Ellis N. Slack, Lee A. Jackson, Sumner M. Redstone, and Robert M. Weston, all of Washington, D. C., for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel.

■ And it appearing that the taxpayer failed to sustain the burden of proving erroneous the Commissioner's determination as to the reasonable allowance for depreciation; Tracy v. Commissioner, 6 Cir., 53 F.2d 575, 579, certiorari denied 287 U.S. 632, 53 S.Ct. 83, 77 L.Ed. 548. Cf. Uncasville Mfg. Co. v. Commissioner, 2 Cir., 55 F.2d 893; § 29.23(1)-5, Treasury Regulations 111.

■ And it appearing that the Tax Court correctly held that the taxpayer on the accrual basis of accounting, in determining its invested capital credit for excess profits tax purposes is required to eliminate from accumulated earnings and profits as of the beginning of the taxable year the amount of income and excess profits taxes for the preceding year; § 718(a) (4), Int.Rev.Code, 26 U.S.C.A. § 718(a) (4); § 35.718-2, Treasury Regulations 112; for the reason that all the events necessary to the determination of the amounts to become due were present in the taxable year, Cf. Continental Tie & Lumber Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111, and hence the taxes had accrued, United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725; American Snuff Co. v. Commissioner, 6 Cir., 93 F.2d 201 certiorari denied 303 U.S. 662, 58 S.Ct. 830, 82 L.Ed. 1120; Willoughby Camera Stores, Inc., v. Commissioner, 2 Cir., 125 F.2d 607; Clark v. Woodward Construction Co., 10 Cir., 179 F.2d 176; Ohmer Register Co. v. Commissioner, 6 Cir., 131 F.2d 682, 143 A.L.R. 1164;

It is ordered that the decision of the Tax Court be, and it hereby is affirmed.