**FOURTH AVENUE AMUSEMENT CO. v. GLENN, Collector of Internal Revenue.**

Civ. A. No. 1587.

United States District Court,
W. D. Kentucky, at Louisville.

Jan. 9, 1951.

Stites & Stites, Louisville, Ky., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Henry L. Spencer, Sp. Assts. to the Atty. Gen., David C. Walls, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

Plaintiff, Fourth Avenue Amusement Company, brought this action against the Collector of Internal Revenue for this District, to recover $21,776.33, an aggregate of income taxes and excess profits taxes, which the Commissioner assessed during the year 1941.

The income taxes and interest amounted to $4,216.15 and the excess profits taxes and interest to $17,560.18.

Both items represented income and excess profits taxes resulting from the disallowance by the Commissioner for the year 1940 of $31,980.74, which was claimed by the plaintiff under authority of Section 23 (a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (1) (A), as ordinary and necessary business expenses in the year 1940, as compensation in the form of bonuses to its President Fred J. Dolle and to its Secretary and Treasurer Dennis H. Long.

Plaintiff also sought to recover $917.60, which it had deducted in 1940 under the same statute, as expenses incurred in repairing a cooling system in one of its theaters.

It was conceded at the trial that the $917.60 incurred was a proper deduction and that the Commissioner erroneously disallowed this item and therefore, there is no question but what plaintiff is entitled to recover on this portion of its complaint.

The sole remaining question is whether plaintiff was entitled under Section 23(a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (1) (A), to a deduction in the year 1940 of $31,980.74.

The case was tried to the Court without a Jury.

### Findings of Fact

Fourth Avenue Amusement Company is a Kentucky corporation, organized in 1914, and operates a chain of motion picture theaters. Fred J. Dolle, as President, and Dennis H. Long, as Secretary and Treasurer, have had active management of the corporation's affairs since its organization.

Up to 1923, Dolle and Long received an annual salary of $5,000 each. In the year 1923, the Directors passed a resolution providing that in addition to their fixed salaries, Fred J. Dolle and Dennis H. Long should each be paid a bonus of five percent of the net profits of the company for the year 1923 and each year following "provided the earnings are sufficient to first take care of the regular dividend of 20%." Following the passage of this resolution, a bonus of five percent of the net profits was paid for each year from 1923 through 1930 to each of said officers.

In the years 1931 through 1935, there were no net profits and no bonus payments were made.

January 24, 1935, Fred J. Dolle was elected President and Dennis H. Long Secretary and Treasurer under a resolution providing that each should be paid a salary of $10,000 a year starting as of January 1, 1935, "plus the regular bonus". No profit was realized in 1935 and no bonus compensation was paid.

January 20, 1936, the Directors re-elected Dolle President and Long Secretary and Treasurer "for the ensuing year at the same salary as heretofore". April 15, 1936, the Directors provided for a bond issue ag-

gregating $113,000 and provided that until the principal of all the bonds and the interest thereon should be paid in full, the Company should not be permitted to declare any dividends upon the stock and that the salaries of the officers should not be increased over and above the amounts fixed by the resolution of April 15, 1936.

January 18, 1937, Fred J. Dolle was elected President and Dennis H. Long Secretary-Treasurer and the resolution showing their election provided that each should receive a salary of $10,000 per year, plus the regular bonus, but provided that the bonus would not be paid until the bonds and accruing interest had been retired in full. No bonus was paid and no book entry made concerning a bonus during the years 1936, 1937 and 1938.

December 15, 1939, the bonds and accrued interest were paid in full. December 27, 1939, the Directors declared and ordered paid a dividend of seventy-five cents on each share of its capital stock outstanding on that date and being reminded that Fred J. Dolle and Dennis H. Long had been employed under similar salary arrangements for the years 1937, 1938 and 1939 as previously, they were entitled to payment for their arrears in salary, since the bonds in the sum of $113,000 had been retired, the minutes recited that the Directors expressed their appreciation to Messrs. Dolle and Long and agreed "that such arrears in salary must be as promptly as possible paid." Whereupon, the resolution directed that the Company "recognize the indebtedness to Messrs. Dolle and Long covering the bonus due them for earnings during the years 1936, '37, '38 and '39 and * * * "the Treasurer is directed to immediately issue the company's check to each of them in the sum of $5,000 on account of such arrears, each check to be for the sum of $5,000 and dated December 27th, 1939". The resolution directed Mr. Long, with the assistance of the company's accountants, to prepare a statement for submission to the Directors at the February 1940 meeting, showing the cash position of the company, so that the Directors could arrange to pay the "entire arrears in salary to Messrs.

Dolle and Long at the earliest possible date."

The net earnings upon which the bonus calculation was made for each of the years is as follows—

| Year | Earnings | 10% Bonus |
|------|----------|-----------|
| 1936 | $ 68,768.76 | $ 6,875.86 |
| 1937 | 128,994.21 | 12,899.42 |
| 1938 | 121,415.89 | 12,141.58 |
| 1939 | 100,628.83 | 10,062.88 |

Total     419,807.69
Total bonus 1936 to 1939
  inclusive     $41,980.74
Less: Amount paid in 1939     10,000.00

Difference set up in 1940 $31,980.74

The above tabulation shows that the bonus for the year 1939 was approximately $10,000, and hence that amount of the total bonus payment of $41,980.74 is not in issue.

It is admitted that the plaintiff regularly employed the method of accounting known as the accrual basis in reporting its net and taxable income.

The amount of the tax assessed by the Commissioner because of the disallowance of the bonus of $31,980.74 was paid by the taxpayer and claims for refund timely filed, which claims were disallowed.

### Conclusions of Law

I. This Court has jurisdiction of the parties and of the subject matter. U.S.C.A. Title 28, § 1340.

II. It is apparent from the minutes of the Directors at the meetings January 24, 1935, January 18, 1937 and December 27, 1939 that it was the intention of the Directors to abide by the resolution of 1923, providing that Dolle and Long should each receive a bonus equal to five percent of the net profits of the Company. In the resolution of December 27, 1939, it is stated that the Company recognizes its indebtedness to Dolle and Long for the bonus payments due them for each of the years in question. Hence, there was a legal obligation to pay the bonus compensation, though the date of payment was deferred until retirement of the bonds aggregating $113,000.

In the case of American Snuff Company v. Commissioner, 6 Cir., 93 F.2d 201, 202, a resolution of the Directors entered in 1912 provided a bonus payment to certain officers on the basis of percentage of profit. The payment of the bonus compensation was omitted for several years and in 1928, the compensation was paid for prior years. The Court disallowed the deduction saying—

"Under its method of accounting the petitioner was entitled to deduct expenses and salaries only for the year in which they were incurred. So the question is whether the additional salaries paid in 1928 were deductible as expense incurred in that year. * * * In Lucas v. Ox Fibre Brush Co., 281 U.S. 115, 50 S.Ct. 273, 74 L.Ed. 733, the taxpayer kept its books on an accrual basis, and it was held that salaries for services rendered in previous years were deductible from income for the taxable year in which they were allowed and paid; but in that case there was no prior agreement or legal obligation to pay the salaries at the time the services were rendered. * * * Here the petitioner agreed in 1912 to pay a stipulated percentage of its net profits * * *. It was a subsisting agreement which, upon the performance of the services by the officers, became an obligation incurred by the petitioner."

 "The accruability test of a debt is not certainty of payment, but rather certainty of its liability * * *". Transcalifornia Oil Company v. Commissioner, 37 B.T.A. 119.

 In Commissioner of Internal Revenue v. Old Dominion S. S. Company, 2 Cir., 47 F.2d 148, 150, the Court said—"Income and deductions are to be included for the period to which they are truly attributable irrespective of the time of payment."

 In Anderson-Clayton Securities Corporation v. Commissioner, 35 B.T.A. 795, the Board said—"* * * Where all events have occurred within the taxable year which determined the liability of the taxpayer, that liability properly may be said to be accrued, although the amount thereof has not been definitely ascertained during the year."

 Accordingly, it is concluded that the Commissioner's disallowance of plaintiff's deduction claimed in the sum of $31,980.-74 in 1940 was correct and that the plaintiff is not entitled to recover anything on account of this payment of tax augmented by the bonus payment.

Judgment will be entered awarding plaintiff a recovery of the tax on the $917.60 deduction claimed in 1940 for repairs to a cooling system in one of plaintiff's theaters; otherwise, the complaint will be dismissed.