PIERCE ESTATES, Inc. v. COMMISSIONER OF INTERNAL REVENUE.

No. 10616.

United States Court of Appeals, Third Circuit.

Argued March 6, 1952.

Decided April 8, 1952.

McLaughlin, Circuit Judge, dissented.

Robert Ash, Washington, D. C. (Joseph H. Morey, Buffalo, N. Y., on the brief), for petitioner.

Virginia H. Adams, Washington, D. C. (Ellis N. Slack, Acting Asst. Atty. Gen., Lee A. Jackson, Special Asst. to the Atty. Gen., on the brief), for respondent.

Before MARIS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

This is a petition to review a decision of the Tax Court that certain interest, amounting to $56,156.94, paid by the taxpayer in 1946 on its debenture notes had accrued in prior years and was, therefore, not deductible in computing its taxable net income for that year. 16 T.C. 1020.

The taxpayer is a corporation formed in 1918 to hold and administer certain real and personal property of the estate of Dr. Ray Vaughn Pierce. Its books were kept on the accrual basis. In 1930 certain additional property of the stockholders was transferred to the taxpayer in exchange for 498 shares of the taxpayer's stock and an issue of . $150,000 of the taxpayer's cumulative income debenture notes. These notes were dated July 21, 1930, and were payable July 21, 1960. They contained an agreement to pay interest on the principal sum from their date:

"* * * at a rate not greater than Six Percent (6%) per annum, payable annually on the 10th day of March in each year, or at more frequent intervals during any year at the option of the company, *from and only from the net income of the company as ascertained and declared* by its Board of Directors, within Sixty (60) days after the 1st day of January, 1931, and at least once in each year thereafter, as hereinafter provided, *to be applicable to such interest payments;* such interest shall be cumulative so that any part thereof remaining unpaid for any one year from the income of that year shall be a charge upon, and shall be paid from the net income of succeeding years." (Emphasis supplied).

The other provisions of the notes pertinent to the question before us are:

"This note is payable at the option of the company at any time upon payment of the principal and any unpaid *declared* interest * * *

* * * * * *

"The company on or before the 1st day of March in each year, or at such more frequent intervals during any year as its Board of Directors may at their option determine, and prior to the payment of any dividends out of the income of such year, shall cause its Board of Directors to ascertain and declare the amount of net income for the preceding calendar year or such more frequent interval applicable to the payment of the interest on all of the notes of this series then issued and outstanding * * * From the net income thus ascertained, the Directors

shall set aside amounts required to pay any and all unpaid interest upon said series of notes then issued and outstanding, accruing up to the end of the last preceding calendar year or the end of such shorter period, and thereupon shall apply the same to the payment of such interest.

\* \* \* \* \* \*

"The interest on all of this series of notes from time to time issued and outstanding shall be cumulative, so that if in any year, or any such shorter period, interest at the rate of Six Percent (6%) per annum shall not have been paid thereon, *any such deficiency shall be a charge upon and payable out of the net income of succeeding years or periods when ascertained and declared by the Board of Directors as aforesaid.* No dividends shall be payable upon the stock of the company until all interest upon said series of notes accumulated prior to the declaration of any such dividend shall have been fully paid and a reserve created and set aside for the payment of the interest accruing during the remainder of the current calendar year." (Emphasis supplied.)

The taxpayer had sufficient profits in 1930 to pay the interest on the notes for so much of that year as they were outstanding but from 1931 until 1942 it suffered a loss in each year without regard to note interest. In 1942 and the following years to and including 1946 the taxpayer had net income before note interest. In each of these years it accrued upon its books so much of the accumulated unpaid interest on the notes as equaled the amount of its net income for the year and paid the amounts thus accrued to the noteholders. In each of these years it charged to interest expense the amount of note interest thus accrued and paid. The amount of net income before debenture interest for the taxable year 1946 was $65,156.94, all of which was charged as interest expense and accrued as note interest payable on taxpayer's books. This represented $9,000 in interest due for 1946 plus accumulated interest for prior years of $56,156.94. The Commissioner disallowed the deduction of the accumulated interest in determining the taxpayer's taxable net income for 1946 and his action in so doing was approved by the Tax Court. Whether this was error is the sole question before us.

 The decisive legal principles are clear and, indeed, are not seriously disputed. In the case of a taxpayer on the accrual basis of accounting an item of expense is to be regarded as incurred, and hence deductible as accrued, only in the year when the taxpayer's liability to pay it becomes definite and absolute, whether or not it is presently paid or payable.[1] On the other hand if the liability to pay the item of expense is wholly contingent upon the happening of a subsequent event the item cannot be regarded as incurred or deductible as accrued until the year in which by the occurrence of the event the contingent liability becomes an absolute one.[2] Because interest is compensation for the use or forbearance of money[3] it ordinarily accrues as an item of expense from day to day even though its payment may be deferred until a later date.[4] But this is not true if the payment is not merely deferred but the obligation to pay at all is wholly contingent upon the happening of a later event as, for example, the subse-

1. United States v. Anderson, 1926, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; American National Co. v. United States, 1927, 274 U.S. 99, 47 S.Ct. 520, 71 L.Ed. 946; Lucas v. Ox Fibre Brush Co., 1930, 281 U.S. 115, 50 S.Ct. 273, 74 L.Ed. 733; Brown v. Helvering, 1934, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725; Clark v. Woodward Construction Co., 10 Cir., 1950, 179 F.2d 176.

2. Lucas v. American Code Co., 1930, 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538; Dixie Pine Products Co. v. Commissioner, 1944, 320 U.S. 516, 519, 64 S.Ct. 364, 88 L.Ed. 420; Security Flour Mills Co. v. Commissioner, 1944, 321 U.S. 281, 284, 64 S.Ct. 596, 88 L.Ed. 725.

3. Deputy v. Du Pont, 1940, 308 U.S. 488, 498, 60 S.Ct. 363, 84 L.Ed. 416.

4. Warner Co. v. Commissioner, 1948, 11 T.C. 419, affirmed, 3 Cir., 1950, 181 F.2d 599.

quent earning of profits. In the latter case, the interest may not be regarded as an accrued expense until the year in which, by the earning of the profits, the contingency is satisfied and the obligation to pay becomes fixed and absolute.[5]

 In order to apply these principles to the facts of this case we must determine the nature of the taxpayer's obligation to pay interest on the income debenture notes. The pertinent provisions of the notes have already been quoted. Examining them we find no fixed or absolute obligation to pay interest either before or at the date of maturity of the principal of the notes. On the contrary it was expressly agreed that interest should be payable from *and only from* the net income of the taxpayer as ascertained and declared by its board of directors to be applicable to such interest payments. And it was further agreed that the notes might be paid off at any time by payment of the principal and any unpaid *declared* interest. The meaning of the word "declared" is here of crucial importance. The Commissioner seems to regard the word as of no significance whatever. But we think it is determinative of the contingent nature of the taxpayer's liability for interest that its agreement was, upon the retirement of a note, to pay only the unpaid interest which had been *declared*. If the agreement had been to pay all unpaid *accumulated* interest it would have indicated an absolute liability at or before payment of the principal to pay full interest. However, as we have seen, the agreement was only to pay such unpaid interest as to which net income had previously been ascertained and *declared* by the board of directors to be applicable to its payment. No obligation can be found anywhere in the notes ever to pay interest except from net income.

We conclude that the taxpayer's obligation to pay interest on the notes was not absolute but was wholly contingent upon the earning of income out of which alone it was payable. It follows that the accum-

ulated interest amounting to $56,156.94 which the taxpayer became obligated to pay out of net income in 1946 accrued as an item of expense in that year and should have been allowed to the taxpayer as a deduction in computing its taxable net income for that year.

Accordingly the decision of the Tax Court will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

McLAUGHLIN, Circuit Judge (dissenting).

I would affirm the decision of the Tax Court in this case upon the opinion below. 16 T.C. 1020.

---

5. New Orleans, Texas & Mexico Railway Co. v. Commissioner, 1927, 6 B.T.A. 436, 441–442; Suncrest Lumber Company v. Commissioner, 1932, 25 B.T.A. 375, 395–396.