### McKENZIE CONSTRUCTION COMPANY
#### v.
### UNITED STATES of America.
#### Civ. A. No. 2995.

United States District Court
W. D. Texas,
San Antonio Division.

Aug. 6, 1962.

Charles W. Truehart, Truehart, McMillan, Russell & Westbrook, San Antonio, Tex., for plaintiff.

Herbert S. Kendrick, Tax Division, Department of Justice, Washington, D. C., and Ernest Morgan, U. S. Atty., for Western District of Texas, for the Government.

SPEARS, Chief Judge.

#### FINDINGS OF FACT

1. Taxpayer is a corporation organized and existing under the laws of the State of Texas.

2. At all pertinent times taxpayer was keeping its books on an accrual basis for income tax purposes.

3. Taxpayer duly filed its corporate income tax return for the year 1953.

4. Pursuant to resolution of its Board of Directors on October 3, 1952, which was confirmed by resolution of such Board on May 4, 1953, bonuses based upon percentages of its net profits were paid by the taxpayer in 1953 to certain of its officers as follows, to-wit:

(a) 15% to A. J. McKenzie as Chairman of the Board of Directors;

(b) 10% to A. R. Martin as President of the corporation; and

(c) 10% to R. M. Smith as Vice-President and Secretary-Treasurer of the corporation;

and these officers performed their respective duties upon the faith of such resolutions.

5. The 1953 tax return filed by the taxpayer carried as deductions the bonuses which had then been determined and paid.

6. As a matter of practice or custom followed for a number of years, taxpayer and its interested officers in 1953 interpreted the agreement to pay bonuses based upon net profits to mean net profits before payment of corporate income taxes, and it was upon this basis that the payments to such officers were made, they having performed their respective duties upon the faith of such practice or custom.

7. The compensation paid to the officers of, taxpayer corporation for the year 1953, including both their salaries and their bonuses, was reasonable in the light of the personal services rendered by them.

8. On the basis of an adjustment made by an Internal Revenue Agent in taxpayer's net income for 1953, a tax deficiency of $17,402.30 was claimed in 1957, and this amount, together with interest at 6% per annum from March 15, 1954, was paid by the taxpayer immediately.

9. The tax deficiency came as a result of the Revenue Agent's disallowance of certain rental and expense payments made to the officers of the corporation during the year 1953.

10. The net amount for tax purposes was to be determined after deduction of all operating expenses, including payments of bonuses, rentals and expenses to the officers, so that the disallowance for income tax purposes of the rental and expense payments made to said officers in 1953, increased the net profits of the taxpayer for that year, and thereby correspondingly increased the bonus compensation due and payable to such officers for the same year.

11. All events serving to fix the taxpayer's liability for bonus compensation due and payable to its officers for 1953, occurred during 1953.

12. The computation of the bonuses due for the year 1953 remained uncertain only to the extent that the exact amount of net profits was unknown (but not unknowable) at the end of that year; it being apparent that when certain adjustments were made in taxpayer's income in 1957, it became relatively simple to ascertain the correct amount of the net profits and determine the true bonuses due and payable to the officers of the corporation for the year 1953, without having actually changed the basis for the computation of the bonuses.

13. A book entry was made by the taxpayer charging the payments already made to the officers in the form of rentals and expenses during the year 1953, against the bonus compensation claimed to be due and payable to them as a result of the Government having found additional net income for that same year.

14. Of the total tax deficiency paid, $14,884.39, plus interest, was paid under protest on the ground that the Revenue Agent had failed to deduct from the adjusted net increase in income for 1953, the aggregate 35% of such net increase that was paid to the officers of the corporation in the form of bonuses, and within the two-year period of limitations, taxpayer filed a claim for refund which was disallowed by the Government on April 11, 1961, because it had not been ·shown "that any liability to pay the officers' bonuses in question existed in 1953."

15. More than six months elapsed after the claim for refund was made before this suit was filed.

## CONCLUSIONS OF LAW

1. The resolutions of taxpayer's Board of Directors on October 3, 1952 and May 4, 1953, coupled with the custom or practice in existence for many years prior thereto, constituted a binding obligation on the part of the taxpayer to pay to its said officers the salaries and bonuses provided for them for the year 1953, including those arising from the elimination of the improper rental and other expense deductions for the same year, in return for services rendered by them. American Snuff Co. v. Commissioner, 93 F.2d 201 (6th Cir., 1937), cert. denied, 303 U.S. 662, 58 S.Ct. 830, 82 L.Ed. 1120 (1938); See Commissioner v. Champion Spark Plug Co., 266 F.2d 347 (6th Cir., 1959).

2. The taxpayer did not contest liability for the additional tax, nor did it contest liability to its officers for the additional bonuses, but instead accrued its liability therefor on its books. See Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270 (1944).

3. Since income taxes are assessed only on net income after deduction of operating expenses, under the obligations assumed by the taxpayer for the benefit of its officers, the portion of the net profits payable to the officers as compensation, which is a business expense, had to be determined and deducted before net income subject to tax could be ascertained; therefore, any change in net income for tax purposes, because of the constant relationship of net income to net profits, directly affected the taxpayer's liability for bonus compensation due and payable to said officers. Int. Rev. Code of 1939, § 23(a) (1) (A), as amended; See Maguire v. Osborne, 384 Pa. 430, 121 A.2d 147 (1956).

4. The bonus compensation herein was properly assigned by the taxpayer to the tax year 1953. Int. Rev. Code of 1939, § 43, as amended; Uncasville Mfg. Co. v. Commissioner, 55 F.2d 893 (2d Cir.), cert. denied, 286 U.S. 545, 32 S.Ct. 497, 76 L.Ed. 1282 (1932).

5. The taxpayer is entitled to a refund of $14,884.39 as prayed for, and to interest thereon at the rate of 6% per annum from March 15, 1954, as well as to its costs.