**ATLAS INSURANCE COMPANY and B. Maultsby Waller, Receiver for Atlas Insurance Company, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 21372.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1964.

Hugh Maddox, John P. Kohn, Montgomery, Ala., for appellants.

Karl Schmeidler, Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Dept. of Justice, Richard M. Roberts, Act. Asst. Atty. Gen., Washington, D. C., Ben Hardeman, U. S. Atty., Montgomery, Ala., Melva M. Graney, Dept. of Justice, Washington, D. C., Rodney R. Steele, Asst. U. S. Atty., of counsel, for respondent.

Before RIVES, WISDOM and BELL, Circuit Judges.

PER CURIAM:

Atlas Insurance Company was placed in an Alabama state court receivership in July 1957. Creditors claims totaling $958,608.25 were filed against the company, of which $308,014.96 were disallowed by the state court as having been untimely filed. The receiver filed income tax returns for Atlas claiming a total net operating loss of $689,306.78 for the years 1958, 1959, and 1960, and sought to carry these losses back to the years 1955-1957, thereby eliminating all tax liability for those years. The issue presented here is whether the district court erred in disallowing losses in the amount of $308,014.96, or that part of the loss represented by the claims against Atlas which were barred in the state court.

■■ We hold that the district court did not err in disallowing those losses represented by the barred creditors claims. The decree of the Alabama court barring these claims relieved Atlas and its receiver of all legal liability to pay them. Consequently, they do not represent operating losses to the company. Cf. Pierce Estates v. Commissioner, 3 Cir., 1952, 195 F.2d 475. We see no inconsistency between this holding and the rule that a taxpayer realizes no gross income from the cancellation of a debt when he is insolvent both before and after the cancellation.

Affirmed.