T.C. Memo. 1999-157


UNITED STATES TAX COURT


MARK AND VALORIE KRUSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15352-95.                    Filed May 7, 1999.


<u>Steven J. Chase</u>, <u>John W. West III</u>, <u>Cheryl L. Gordon</u>, and

<u>Dale S. Davidson</u>, for petitioners.

<u>Randall B. Pooler</u> and <u>Randall P. Andreozzi</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before

the Court on respondent's Motion for Summary Judgment pursuant to

Rule 121.[1]  The issue for decision is whether there is a genuine

---

[1]   All Rule references are to the Tax Court Rules of
Practice and Procedure.  All section references are to the
                                        (continued...)

issue as to any material fact and whether a decision may be rendered as a matter of law as to whether petitioners have paid or incurred litigation costs within the meaning of section 7430(a)(2) and 7430(c)(1)(B)(iii). Petitioners have filed a response objecting to the granting of this motion. Based on the record herein, we conclude a hearing and oral argument is not necessary for the resolution of the pending motion.

Background

Petitioners are husband and wife. Petitioner Mark Kruse is the president and sole shareholder of Mark A. Kruse, D.C., P.C., d.b.a Kruse Chiropractic Clinic (hereinafter Kruse P.C.). On May 17, 1995, respondent issued a notice of deficiency determining deficiencies in petitioners' income tax for the 1991, 1992, and 1993 tax years. The notice of deficiency determined adjustments as to payments made by Kruse P.C. as a participating employer in the Supplemental Employers' Benefit Association (SEBA) Employers' Benefit Plan of America and the SEBA Employers' Benefit Trust of America (hereinafter collectively referred to as the SEBA Plan) for the 1991, 1992, and 1993 tax years. The notice of deficiency determined that the payments were includable in petitioners' gross income for those years under sections 402(b)(1) and 83. The matter involved the issue of whether the SEBA Plan is a

---

[1](...continued)
Internal Revenue Code as amended.

nonqualified deferred compensation plan subject to section 404, or a welfare benefit fund under section 419(e). Another adjustment set forth in the notice of deficiency pertained to whether the Kruse P.C. Money Purchase Pension Plan and Trust is a qualified pension plan exempt from tax under section 501(a).

On August 11, 1995, petitioners filed a timely petition in this case. Subsequently, lawyers of the law firm of Abel, Band, Russell, Collier, Pitchford & Gordon (the law firm) were retained to represent petitioners in this matter. Petitioners submitted affidavits which state in part:

> 2. [We] retained the law firm * * * (through the SEBA Employers Plan and Trust) to represent [us] in connection with this action.
>
> 3. Although [we] executed no Letter of Representation, this Affidavit will serve to acknowledge that [we were] and still remain liable to pay * * * [the law firm] all costs and fees incurred, with regard to their representation of [ourselves], in this proceeding.
>
> 4. [We] have paid $1,633[2] of these fees directly, through the assessment of [our] SEBA Employers Plan and Trust Fund in order to fund this action.
>
> 5. In the event that the SEBA Plan and Trust did not or does not pay the Law firm * * * all reasonable fees and costs incurred in relation to the above referenced Tax Court case, [we] hereby certify that [we were] and do remain liable for this amount.

William Gable is the president of the SEBA Plan. All invoices for services rendered by the law firm in this case have

---

[2] This amount was amended to $2,972 in subsequent affidavits.

been addressed to Mr. Gable.  As of December 30, 1998, the law firm billed a total of $116,449 for services rendered, and Mr. Gable paid $102,659 of that amount with assets of the SEBA Plan. Mr. Gable also provided an affidavit stating the SEBA Plan is funding the case, and petitioners are liable for any amounts, if any, not paid by the plan.

The parties settled all the adjustments determined in the notice of deficiency.  On May 19, 1997, a stipulation of settlement was filed wherein the parties agreed that there are (1) no deficiencies in income taxes owed by petitioners, nor overpayment due to petitioners, and (2) that there are no penalties due from petitioners under section 6662(a) for taxable years 1991, 1992, and 1993.  On the same date, petitioners filed a Motion for Award of Reasonable Litigation Costs under section 7430 and Rule 231, seeking to recover costs in the amount of $78,070, plus attorney's fees incurred during the prosecution of the motion.  Respondent objected to the granting of the motion.

Petitioners requested a hearing on the motion, which was scheduled to be held at a trial session in Tampa, Florida.  The parties estimated that the hearing would require 2 or more days since the issue whether respondent was substantially justified would require the presentation of substantial evidence.  In lieu of the hearing on petitioners' motion for litigation costs, the parties entered into a Stipulation to Be Bound, whereby the

parties agreed: (1) To stay the proceedings on the motion for litigation costs for the shorter of (a) 12 months, or (b) such time as either petitioners or another participant in the SEBA Plan or any of the SEBA Plan's controlled affiliates or subsidiaries, whom both parties agree to be similarly situated to petitioners, files a petition and ultimately resolves on the merits in this Court the substantive issues of the case; (2) in the event the 12-month period elapses before such a case is resolved in this Court, the parties shall confer with the Court to determine whether this matter will be set for hearing, settled, or stayed for an additional period of time; (3) the parties will cooperate in resolving the issue of whether and to what extent petitioners have paid or incurred reasonable litigation costs under section 7430; (4) the parties will cooperate in resolving any disputed fact to permit the execution of a written stipulation of all facts relevant to the issue of whether and to what extent petitioners have paid or incurred reasonable litigation costs under section 7430; and (5) to a timetable in which respondent will file a motion for summary judgment on the issue of whether petitioners have paid or incurred reasonable litigation costs under section 7430, if he elects to do so.

Discussion

The parties were unable to resolve the issue of whether petitioners have paid or incurred reasonable litigation costs under section 7430. As a result, respondent filed a motion for summary judgment on the above issue. Petitioners filed an objection to respondent's motion.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We believe that summary judgment is an appropriate vehicle in the particular circumstances of this case to resolve a limited issue in the pending motion for litigation costs since it may assist in forgoing a needless, expensive, and time-consuming evidentiary hearing anticipated by the parties.

Section 7430(a) provides that, in the case of any court proceedings brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the prevailing party may be awarded a judgment for reasonable litigation costs incurred. Reasonable litigation costs include reasonable fees "paid or incurred" for the services of attorneys in connection with the court proceeding. Sec. 7430(c)(1)(B)(iii). In the case presently before us, petitioners contend they have "paid or incurred" litigation costs within the meaning of section 7430(c)(1)(B)(iii)

because they were and remain legally obligated to pay any and all litigation costs and expenses, not paid by the SEBA Plan.

By virtue of the requirement that attorney's fees have been "incurred" by the party, section 7430 differs from some other fee-shifting statutes.

> Unlike the Civil Rights Attorneys Fees Awards Act, which provides for allowance of "a reasonable attorney's fee as part of the costs," or the FOIA provision which permits payment of "other litigation costs reasonably incurred," section 7430 is more narrowly drawn.  * * * The plain language of the statute controls here * * *. * * * The common meaning of the word incur is "to become liable or subject to: bring down upon oneself." * * * [Frisch v. Commissioner, 87 T.C. 838, 846 (1986).]

"The simple truth is that the plain language of section 7430 * * * is limited to actual expenditures." Id. at 845-846.  In analogous circumstances, it has been held that fees are incurred when there is a legal obligation to pay them. United States v. 122.00 Acres of Land, 856 F.2d 56 (8th Cir. 1988) (applying sec. 304(a)(2) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Pub. L. 91-646, 84 Stat. 1906, 1984, 42 U.S.C. 4654(a) (1970); attorney's fees were not actually incurred because the party claiming them had no legal obligation to pay them); accord SEC v. Comserv Corp., 908 F.2d 1407, 1414-1415 (8th Cir. 1990) (construing to a similar effect the Equal Access to Justice Act, codified at 5 U.S.C. sec. 504 and 28 U.S.C. sec. 2412 (1994)); see also Republic Plaza Properties Partnership v. Commissioner, T.C. Memo. 1997-239.

Petitioners contend that, based on the definition of "incurred" set out above, they have incurred the full attorney's fees and costs in this matter. We disagree. Petitioners' liability for fees and costs in this matter is contingent because petitioners are liable for reasonable fees and costs, if any, not paid to the law firm by the SEBA Plan. If the liability to pay the item of expense is contingent upon the happening of a subsequent event, the item cannot be regarded as incurred until the year in which the occurrence of the event causes the contingent liability to become an absolute one. See Pierce Estates, Inc. v. Commissioner, 195 F.2d 475, 477 (3d Cir. 1952), revg. 16 T.C. 1020 (1951).

Any liability petitioners have for fees and costs is contingent on the subsequent event of the nonpayment of fees and costs by the SEBA Plan to the law firm. As of December 30, 1998, the SEBA Plan paid $102,659 of the $116,449 billed in this matter. As of that date, petitioners' contingent liability was in the amount of $13,790 (the difference between the amount billed by the law firm and the amount paid by the SEBA plan). This liability is not "incurred" until the subsequent event of nonpayment by the SEBA plan.

Petitioners assert in their affidavits that they retained the law firm, through the SEBA Plan, to represent them. The fact that petitioners may have retained and were represented by

attorneys in this matter is not sufficient to meet the requirements of section 7430. See Thompson v. Commissioner, T.C. Memo. 1996-468.

Petitioners assert in their affidavits that they have paid $2,972 of the fees and costs through a direct assessment of their share of funds in the SEBA Plan. To the extent that petitioners paid fees and costs through direct assessment of their share of the SEBA Plan, we would agree that they would have "paid and incurred" litigation costs. However, the amount of $102,659 paid by the SEBA Plan as of December 30, 1998, less the $2,972 allegedly paid by petitioners through direct assessment of their share of the funds in the SEBA Plan, was not "paid or incurred" by petitioners. Since this amount has been paid by the SEBA plan, petitioners are not liable for payment of that amount, nor is there some subsequent event which would cause petitioners to become liable. In addition, the amount of petitioners' contingent liability has not yet been incurred, as explained above.

For the aforementioned reasons, we grant respondent's motion for summary judgment to the extent of the $102,659 billed and paid in this matter, except to the extent petitioners have asserted that $2,972 in payments were made by them through direct assessment of petitioners' share of funds in the SEBA Plan. With respect to the $2,972 in legal fees that may have been paid

through direct assessment of their funds in the SEBA plan, petitioners should have an opportunity to establish this amount was paid by them and proceed with their case for reasonable litigation costs pursuant to section 7430.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.